IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-03069-01-CR-S-MDH |
| | ) | |
| TERRIANCE DAVION SHEPHERD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pursuant to governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the issue of Defendant's mental competency to stand trial was referred to the United States Magistrate Judge for preliminary review under § 636(b), Title 28, United States Code.

Defendant Shepherd was charged on July 25, 2023 by indictment for alleged assault at the Federal Medical Center in Springfield, Missouri on or about September 17, 2020. At the time of the alleged assault, Defendant was housed at the Federal Medical Center pursuant to a court order from the United States District Court for the Eastern District of Texas for competency restoration under § 4241. During competency restoration confinement, the United States filed a petition to determine mental status pursuant to § 4246. That matter remains pending in this Court under cause 6:23-cv-03225-MDH. As part of the pending § 4246 case, Defendant was evaluated in June and July 2023 by Dr. Elizabeth Tyner, PhD. Defendant introduced Dr. Tyner's report as evidence in an oral hearing in the present criminal matter, making Dr. Tyner's findings part of the record in the instant case. (Docs. 20, 21). Dr. Tyner concluded, in relevant part, that Defendant "meets criteria for commitment under Title 18, USC, Section § 4246, and requires inpatient mental health

1

treatment at a suitable facility." Doc. 20 at Ex. 3. Dr. Tyner diagnosed Defendant with schizoaffective disorder, bipolar type. *Id*. Dr. Tyner specifically found, *inter alia*, that Defendant was "actively showing symptoms of psychosis, specifically persecutory delusions, disorganized thoughts, and elevated mood and energy," and "has not demonstrated any stability in his affect, behaviors, or cognitive abilities." *Id.* at 18.

The Magistrate Judge, based on Dr. Tyner's unchallenged report and other court records from the United States Court for the Eastern District of Texas, recommends that this Court find Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Doc. 22 at 2. Neither party has filed exceptions to the Magistrate Judge's report and recommendation.

Accordingly, the Court adopts the findings and recommendations of the United States Magistrate Judge and finds the expert opinion of Dr. Tyner establishes by a preponderance of the evidence that Defendant is "presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense[.]" *See* 18 U.S.C. § 4241. Therefore, the Court finds Defendant is not competent to stand trial.

It is **THEREFORE ORDERED** that the Report and Recommendations (Doc. 22) of the United States Magistrate Judge is **ADOPTED** and incorporated herein.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1) for a reasonable period of time, not to exceed four months, to determine whether substantial probability exists that in the foreseeable future Defendant will attain the capacity to permit the proceedings to go forward.

**IT IS SO ORDERED.**

Dated: November 1, 2023

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**